967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jullian SWIG, Plaintiff-Appellant,
v.
OFFICER JONES # 66; Officer Dillard # 23, Hustead's Inc.;
G.A. Beckford; Del Pierce; Regents of University
of California at Berkeley; Does 1-50,
Defendants-Appellees.
 No. 91-15724.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1992.*
Decided June 22, 1992.
 
 Before CHAMBERS, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jullian Swig sued in the district court alleging civil rights and other violations in connection with the towing and impounding of his 1986 Toyota van. Swig's complaint contends that the van's seizure was improper because there has never been any definitive determination that the van is subject to registration. In Swig v. Department of Motor Vehicles, mem. op. No. 89-15739 (9th Cir.1991) (Swig I ), however, we affirmed the district court's determination in another lawsuit instigated by Swig that California has "the right to require [Swig] to register his vehicle and obtain a driver's license before driving on public roads." Id. at 2.
 
 
 3
 Swig's claim that the van has no "owner" as defined by Cal.Veh.Code § 460 and is therefore not subject to registration is precluded by the decision in Swig I as well as other prior cases.[1] Swig claims that his complaint in this case does not contest the power of the State to regulate such vehicles but only the failure of the University of California Police to determine by due process of law that this particular van is subject to regulation. As even a cursory review of his pleadings makes clear, however, this lawsuit is merely a repackaging the same groundless contentions.
 
 
 4
 Swig charges that the district court erred in failing to grant a default judgment in his favor pursuant to Fed.R.Civ.Proc. 55(b). The district court's docket sheet shows that the defendants made timely appearances following some or all of the blizzard of muddled complaints, amended complaints and motions with which Swig showered them and the district court. We need not decide whether the court erred in declining to take the formal step of entering a default, however, as it certainly did not abuse its discretion in determining that no default judgment was justified on these pleadings. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986) (denial of default reviewed for abuse of discretion).
 
 
 5
 The district court sanctioned Swig, ordering that no documents concerning the registration of this vehicle would be accepted by the court for filing until after the court determined them to be meritorious. The panel of this court which heard Swig's earlier appeal similarly enjoined Swig from filing "any new action or proceeding in any federal court in the Ninth Circuit without first obtaining leave of that court." Swig v. Department of Motor Vehicles, mem. op. at 4. Because this action was already pending, Swig's appeal evidently slipped through the crack between these two orders. As the litigants' statements of related cases reveal that no other actions by Swig are currently pending, we assume our prior order forbidding the unapproved filing of new cases in the courts of this circuit will suffice to protect the Department of Motor Vehicles and others from further vexatious and frivolous litigation.
 
 
 6
 We find no basis whatsoever in the record before us to support Swig's accusation that opposing counsel has violated Cal.Bus. & Prof.Code § 6068(d) (duty not to mislead courts).
 
 
 7
 The district court's grant of summary judgment and imposition of sanctions is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Swig v. Governor Deukmejian et al., No. C-88-0365 (N.D.Cal. April 27, 1988), was dismissed as frivolous by the district court and Swig's appeal was dismissed as untimely by this court, No. 88-2957 (9th Cir.1988). Likewise dismissed either as frivolous or for failing to state a claim were: Swig v. Department of Motor Vehicles, No. CV-88-4814 (N.D.Cal. April 7, 1989), aff'd, Swig I; Swig v. State of California, Department of Motor Vehicles, No. 655731-9 (Super.Ct. August 13, 1990) (granting the motion for judgment on the pleadings and the motion of nonsuit); Swig v. Wolfe, Dept. of Motor Vehicles, No. 855200 (Super.Ct. August 28, 1986)