112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lazarus KIPKIRWA, Plaintiff-Appellant,
v.
SANTA CLARA COUNTY PROBATION DEPT.; Zoe Lofgren, Board of
Supervisor; Dennis Handis, Chief Probation Officer; Ray
Nielsen, Probation Manager; Darrel Campolong,
Superintendent; John Hill, Santa Clara County Equal
Opportunity Director, Defendants-Appellees.
 No. 96-15393.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lazarus Kipkirwa appeals pro se the district court's summary judgment in favor of Santa Clara County Probation Department ("Probation Department") and other officials in Kipkirwa's action alleging employment discrimination due to his Kenyan national origin and race,[1] and retaliation for his picketing activities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §§ 1983 and 1981. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.
 
 
 3
 We review de novo a grant of summary judgment. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." Id.
 
 
 4
 * Ray Nielsen and Darrell Campolong
 
 A. Employment Discrimination Claim
 
 5
 Kipkirwa contends that Ray Nielsen and Darrell Campolong discriminated against him when they did not hire him for a night attendant position with the Probation Department on January 25, 1994, and January 27, 1994.
 
 
 6
 A plaintiff alleging employment discrimination has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). A prima facie case may be established by showing: "(1) that the plaintiff belongs to a class protected by Title VII; (2) that the plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite being qualified, the plaintiff was rejected; and (4) that, after the plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of comparable qualifications." Williams v. Edward Apffels Coffee Co., 792 F.2d 1482, 1485 (9th Cir.1986) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). The fourth criteria only requires "that the position remained open after the qualified candidate applied for the job, and that someone else was ultimately selected." Williams, 792 F.2d at 1485.
 
 
 7
 Once a plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the plaintiff's rejection. See McDonnell Douglas Corp., 411 U.S. at 802. If the defendant produces such evidence, the burden then shifts back to the plaintiff to show by a preponderance of the evidence that the defendant's proffered reason for rejecting the plaintiff was a pretext for discrimination. See Burdine, 450 U.S. at 253.
 
 
 8
 Here, Kipkirwa carried the initial burden of establishing a prima facie case of discrimination. As a black person of Kenyan national origin Kipkirwa belongs to a class protected by Title VII. See 42 U.S.C. § 2000e-2(a)(1); Williams, 792 F.2d at 1485. There is no dispute that Kipkirwa applied on May 28, 1991, for a night attendant position; was rejected by defendants Campolong and Nielsen; and that ultimately six applicants were selected for the position.
 
 
 9
 Hence, the only disputed issue is whether Kipkirwa was qualified for the job. Although Nielsen and Campolong state in their affidavits that Kipkirwa "had no experience working in law enforcement, or counseling youth, or other relevant experience," Kipkirwa provided evidence that he had experience both in law enforcement and training youth. Kipkirwa stated in his deposition and in a sworn declaration that during his interview he submitted an updated resume to Nielsen and Campolong which showed that he had trained as a cadet at the Santa Clara County Department of Corrections. Kipkirwa further states in his declaration that he submitted certificates verifying his completion of various peace officer training programs. The updated resume also shows his experience working as a head coach at a high school.
 
 
 10
 Contrary to Kipkirwa, Nielsen states in his declaration that Kipkirwa did not give him any documents other than the updated resume. Nielsen further states that although Kipkirwa did provide him with an updated resume, it did not list Kipkirwa's cadet or peace officer training, although it did list his coaching experience. Therefore, there is a genuine issue of material fact as to whether Nielsen and Campolong knew of Kipkirwa's qualifications.
 
 
 11
 Viewing the evidence in the light most favorable to Kipkirwa we conclude that Kipkirwa carried the burden of establishing a prima facie case of discrimination. See McDonnell Douglas Corp., 411 U.S. at 802; Jesinger, 24 F.3d at 1130. Moreover, although Nielsen and Campolong articulated a legitimate nondiscriminatory reason for not hiring Kipkirwa, namely that Kipkirwa was not qualified, Kipkirwa carried the burden of showing that the proffered explanation was a pretext for discrimination. See Burdine, 450 U.S. at 253; Williams, 792 F.2d at 1486 (stating that once a prima facie case is established by reliance on the McDonnell Douglas presumption, summary judgment for the defendant will ordinarily not be appropriate).
 
 
 12
 Accordingly the district court erred by granting summary judgment in favor of Nielsen and Campolong on the employment discrimination. See Jesinger, 24 F.3d at 1130.
 
 B. Retaliation Claim
 
 13
 Kipkirwa contends that Nielsen and Campolong did not hire him for the night attendant position in retaliation for his picketing in front of Santa Clara County buildings in protest of a previous adverse employment decision which he alleged was discriminatory.
 
 
 14
 To establish a prima facie case of retaliation a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected expression and the adverse action. See EEOC v. Crown Zellerbach Corp., 720 F.2d 1008, 1012 (9th Cir.1983); Ruggles v. California Polytechnic State University, 797 F.2d 782, 785 (9th Cir.1986). "To show the requisite causal link, the plaintiff must present evidence sufficient to raise the inference that [his] protected activity was the likely reason for the adverse action." Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982). The causal link requires evidence that the employer was aware that the plaintiff engaged in the protected activity. See id. Similar to the employment discrimination context, if the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse action and then back to the defendant to show that the proffered reason was a pretext for retaliation. See id.
 
 
 15
 Here, Kipkirwa has succeeded in establishing a prima facie case of retaliation. Kipkirwa's alleged picketing activities are protected by Title VII. See Crown Zellerbach Corp., 720 F.2d at 1014. Kipkirwa stated in a sworn declaration that he brought his picket sign with him for the interview with Nielsen and Campolong. Kipkirwa stated that Nielsen identified the picket sign and did not ask him any questions, while Campolong asked him only three or four questions and then ended the interview. Nielsen and Campolong state in their affidavits that Kipkirwa did not bring the picket sign to the interview and that they were not aware of his picketing. Therefore, there is a genuine issue of material fact as to whether Nielsen and Campolong knew that Kipkirwa had engaged in the protected activity of picketing.
 
 
 16
 The evidence viewed in the light most favorable to Kipkirwa raises an inference that Kipkirwa's picketing was the likely reason for the decision not to hire Kipkirwa. See Cohen, 686 F.2d at 796. As stated above, Kipkirwa presented sufficient evidence to show that the articulated reason for not hiring him, lack of qualification, was a pretext for retaliation. See Crown Zellerbach Corp., 720 F.2d at 1014.
 
 
 17
 Accordingly the district court erred by granting summary judgment in favor of Nielsen and Campolong on the retaliation claim. See Jesinger, 24 F.3d at 1130.
 
 C. Civil Rights Claims
 
 18
 The evidence described above is sufficient to survive summary judgment for both Kipkirwa's Title VII claim and his section 1981 claim.[2] See Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir.1986) (stating that facts sufficient to give rise to a Title VII claim, suffice to give rise to a section 1981 claim). Because the evidence raises an inference that Nielsen and Campolong purposefully discriminated against Kipkirwa on the basis of his race, Kipkirwa has also established a triable issue regarding his section 1983 claim. See id.
 
 
 19
 Accordingly the district court erred by granting summary judgment in favor of Nielsen and Campolong on the section 1981 and 1983 claims. See Jesinger, 24 F.3d at 1130.
 
 II
 Other Defendants
 
 20
 Because Kipkirwa failed to show that Zoe Lofgren, Dennis Handis, and John Hill were involved in the decision not to hire Kipkirwa, the district court did not err by granting summary judgment in their favor on all claims. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (requiring personal participation for liability under section 1983); DeHorney v. Bank of America Nat'l Trust & Sav. Ass'n, 879 F.2d 459, 468 (9th Cir.1989) (requiring proof of intentional discrimination for liability under section 1981); cf. Ortez v. Washington County, 88 F.3d 804, 808 (9th Cir.1996) (concluding that plaintiff stated a claim against county employees in their official capacities under Title VII where plaintiff alleged defendants engaged in intentionally discriminatory conduct).
 
 
 21
 Because respondeat superior liability is cognizable under Title VII, see Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir.1993), the district court erred by granting summary judgment in favor of the Probation Department for the employment discrimination and retaliation claims. However, because respondeat superior liability is not cognizable under section 1981 and 1983, see Fed'n of African American Contractors v. City of Oakland, 96 F.3d 1204, 1215-16 (9th Cir.1996), and because Kipkirwa failed to provide evidence beyond his mere allegations that showed that the Probation Department had an official policy or custom of discrimination, see Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); Fed'n of African American Contractors, 96 F.3d at 1215-16, the district court properly granted summary judgment in favor of the Probation Department for the section 1981 and 1983 claims.
 
 
 22
 Accordingly, we remand for further proceedings consistent with this opinion.
 
 
 23
 The appellees shall bear the defendant's costs on appeal. AFFIRMED in part, REVERSED in part, and REMANDED.[3]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly the panel denies Kipkirwa's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court construed Kipkirwa's pleadings as only alleging discrimination on the basis of national origin, his pleadings liberally construed allege a claim for race discrimination. See Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir.1985) (en banc) (recognizing obligation to liberally construe pro se pleadings, especially in civil rights cases)
 
 
 [2]
 Although the district court correctly dismissed Kipkirwa's section 1981 claim to the extent that it is based on his national origin, see Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987), Kipkirwa's pleadings liberally construed also allege a cognizable claim under section 1981 for race discrimination, see Bretz, 773 F.2d at 1027
 
 
 [3]
 Kipkirwa's contention that the district court abused its discretion by denying his motion for District Court Judge Whyte to disqualify himself for bias as evidenced by his rulings lacks merit. See Liteky v. United States, 510 U.S. 540, 555 (1994). We do not address Kipkirwa's contention that the defense attorney Barbara Choi submitted forged documents to the court because Kipkirwa failed to file a motion requesting sanctions. See Fed.R.Civ.P. 11(c)(1)(A)