Lazarus KIPKIRWA, Plaintiff–
Appellant,

v.

SANTA CLARA COUNTY PROBATION
DEPARTMENT; Zoe Lofgren; Den-
nis Handis; Ray Nielsen; Darrell
Campolong; and John Hill, Defen-
dants–Appellees.

No. 98–15516.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2001.[1]

Decided Jan. 25, 2001.

1. In light of this disposition, the motions by the United States to intervene and by the County for remand are moot.

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before SNEED, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM[2]

Lazarus Kipkirwa, pro se, appeals the district court's entry of judgment following a jury verdict for defendants Santa Clara County Department of Probation, Ray Nielsen, and Darrell Campolong. Plaintiff sued defendants for employment discrimination based on race and national origin and for retaliation based on his picketing activities. A jury found for Defendants on all claims, and Plaintiff timely appealed.

Plaintiff makes several arguments on appeal. First, Plaintiff maintains, in effect, that this court's recitation in a previous decision[3] of the alleged facts in this case constituted binding factual findings in his favor. As a result, the district court erred in allowing Defendants "to produce new evidence, new documents, and new testimony which was outside mandate." Second, he argues that the district court erred in instructing the jury to ignore Plaintiff's Exhibit 1, his "updated" resume, which Defendants demonstrated they had not seen or received until trial. Third, Plaintiff contends that the district court erred in refusing to enter a default judgment against Defendants. Finally, Plaintiff argues that the district court abused its discretion when it denied Plaintiff's motion to recuse for bias.

We are not persuaded by any of those arguments.

■ First, the district court did not err in admitting Defendants' evidence because, in the earlier case, we held only that there were genuine issues of disputed material facts for trial. In remanding for trial, we did not relieve Plaintiff of the ordinary burden of proving his case. Plaintiff had the opportunity to present his case to a jury. Having availed himself of that opportunity, he has no basis for contending that the district court "violated" the mandate.

■ Second, Plaintiff has also failed to show any abuse of discretion in the district court's evidentiary ruling excluding his updated resume. *EEOC v. Pape Lift, Inc.,* 115 F.3d 676, 680 (9th Cir.1997). Plaintiff's argument merely reiterates his disagreement with the testimony and documentary evidence showing that Defendants never saw this version of Plaintiff's resume until trial.

■ As for the district court's denial of Plaintiff's request for entry of default judgment, this matter is committed to the trial court's discretion. Default judgments

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**3.** *Kipkirwa v. Santa Clara County Prob. Dep't,* 112 F.3d 516, 1997 WL 207860 (9th Cir.1997) (table).

are generally disfavored. "Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir.1986) (citation omitted). Consistent with that principle, a court may consider numerous factors in deciding whether to exercise its discretion to enter a default, including the merits of plaintiff's substantive claim, the possibility of disputed material facts, whether defendant's default was due to excusable neglect, and the strong policy favoring decisions on the merits. *Id.* at 1472 (citation omitted).

■ Here, the district court could readily have decided not to enter a default judgment on the basis of the weakness of Plaintiff's substantive claims and this court's holding that there were material facts in dispute. In addition, the record contains no indication that Defendants intended not to defend this action, particularly after they had defended against every previous version of the complaint. Defendants filed their answer in any event prior to the first case management conference before newly-assigned Judge Legge. Plaintiff failed to demonstrate he suffered any prejudice or that Defendants acted in bad faith. In these circumstances, the district court did not abuse its discretion in denying the motion for entry of default.

■ Plaintiff further complains of the district court's bias. Plaintiff's argument fails upon review of the transcripts of proceedings in this case. The district court demonstrated considerable patience and afforded Plaintiff appropriate leeway to adjudicate his claims.

■ Finally, to the extent Plaintiff takes issue with the jury's verdict, he failed to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). As a result, he is precluded from challenging the sufficiency of the evidence on appeal. *Patel v. Penman,* 103 F.3d 868, 878 (9th Cir.1996). Only where plain error appears on the face of the record such that failure to review would result in a manifest miscarriage of justice will Plaintiff be relieved from his obligation to comply with the Federal Rules of Civil Procedure. He identifies no such error, and we find none.

AFFIRMED.