**Gerald LUNDAHL, Plaintiff— Appellant,**

v.

**Michael ESPLIN; et al., Defendants— Appellees.**

No. 03–55155.

D.C. No. CV–02–00882–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 30, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM **

Gerald Lundahl appeals pro se the district court's order dismissing his action for want of subject matter jurisdiction under the *Rooker–Feldman* doctrine. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under *Rooker–Feldman, Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir.1998), and we affirm.

Lundahl's action against his ex-wife, her attorneys, and California and Utah state officials essentially attempts to reverse prior state court spousal support determinations. Therefore the district court lacked subject matter jurisdiction. *See Worldwide Church of God v. McNair*, 805

F.2d 888, 891–92 (9th Cir.1986). To the extent any state judicial proceedings are ongoing, *Younger* abstention applies. *See H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir.2000) (applying *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), to section 1983 challenge of child custody orders).

Lundahl's contention that he entitled to default judgment lacks merit. Lundahl's request for entry of default judgment under Fed.R.Civ.P. 55(b)(1) was defective, and he did not file a motion for default judgment with the district court pursuant to Fed.R.Civ.P. 55(b)(2). *See Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986).

All pending motions are denied.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.