**BOARD OF TRUSTEES OF THE BOILERMAKER VACATION TRUST, Plaintiffs,**

v.

**SKELLY, INC.; Skelly Mechanical, Inc., Defendants.**

No. 04–02841 CW.

United States District Court, N.D. California.

Feb. 24, 2005.

Clarissa A. Kang and R. Bradford Huss, San Francisco, CA, for Plaintiffs.

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOR ENTRY OF DEFAULT JUDGMENT

WILKEN, District Judge.

The Court has reviewed Magistrate Judge Bernard Zimmerman's Report and Recommendation for Entry of Default Judgment. No objections to the report were filed. The Court finds the Report correct, well-reasoned and thorough, and adopts it in every respect. Accordingly,

IT IS HEREBY ORDERED that default judgment shall enter against Defendants Skelly, Inc. and Skelly Mechanical, Inc. The Clerk shall enter judgment.

### REPORT AND RECOMMENDATION FOR ENTRY OF DEFAULT JUDGMENT

ZIMMERMAN, United States Magistrate Judge.

Before me is plaintiff's application for default judgment against defendant Skelly, Inc. and Skelly Mechanical, Inc. ("defendants"). Defendants have never appeared in this action and did not otherwise respond to plaintiff's application. As this matter was referred to me by the Honorable Claudia Wilken, the following is a report and recommendation for entry of default judgment.

On July 14, 2004 plaintiff filed a complaint under section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1145, alleging that defendants violated a collective bargaining agreement that required defendants to make regular contributions and to submit reports of its employees' work hours to the Boilermaker Vacation Trust Fund ("Trust Fund"), which plaintiff administers. Compl. ¶¶ 20–24. According to the complaint, the Collective Bargaining Agreement obligates defendants to pay an amount equal to ten percent of the gross

weekly payroll for all of its employees covered by the Trust Fund and also binds defendants to the provisions of the Boilermaker Vacation Trust Agreement ("Trust Agreement"). *Id.* at ¶ 8. The complaint seeks payment of delinquent contributions, liquidated damages, interest, costs, and attorneys' fees. The complaint also requests an order compelling defendants to continue performing its obligations under the Trust Agreement and the Collective Bargaining Agreement; to submit reports of the hours worked by their employees to the Trust; and to submit to an audit by the Trust, at defendants' expense, to determine the extent of defendants' delinquency.

Plaintiff effected service of process on July 26, 2004. Defendants failed to answer the complaint or otherwise defend the action. On September 21, 2004, upon plaintiff's request, the Clerk of this court entered defendants' default under Rule 55(a). By its default, defendants are deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages.[1] *See* Fed. R.Civ.P. 8(d).

 Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986). A formal hearing is not required for a court to render a default judgment. *Davis v. Fendler,* 650 F.2d 1154 (9th Cir.1981).

Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

 the court shall award the plan—

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent ... of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs.

29 U.S.C. § 1132(g)(2). An award under section 1132(g)(2) is mandatory if the following requirements are satisfied: (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award. *Northwest Adm'rs, Inc. v. Albertson's, Inc.,* 104 F.3d 253, 257 (9th Cir.1996) (citing *Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.,* 875 F.2d 212, 215–16 (9th Cir.1989)). "Mandatory fees are available under section 1132(g)(2) notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions." *See Northwest Adm'rs, Inc. v. Albertson's, Inc.,* 104 F.3d 253, 258 (9th Cir.1996) (quoting *Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr. Co., Inc.,* 767 F.2d 1170, 1175 (5th Cir.1985)); *see also Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc.,* 68 F.3d 1502, 1507 (2nd Cir.1995); *Board of Trustees of the Sheet Metal Workers v. General Facilities, Inc.,* 2003 WL 1790837, at *2 (N.D.Cal. March 31, 2003) (citing *Carpenters & Joiners Welfare Fund v. Gittleman Corp.,* 857 F.2d 476, 478 (8th Cir.1988)) ("Section 1132 provides for liquidated dam-

---

1. A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service.

*See* Fed.R.Civ.P. 55(b)(2); 50 App. U.S.C. § 521. As corporations, defendants are not subject to this limitation. Compl. ¶¶ 5–6.

ages as a percentage of 'unpaid contributions' and courts have interpreted 'unpaid contributions' to mean contributions owing and unpaid at the time the lawsuit is filed."). "Courts in this district have held that a plaintiff may receive a judgment for contributions which became due after the lawsuit was filed and remain unpaid at the time of judgment." *See Bd. of Trustees of the Sheet Metal Workers,* 2003 WL 1790837 at *2. Plaintiff has satisfied the statutory requirements and is entitled to relief for all unpaid contributions that have not yet been satisfied. *See Iron Workers Dist. Council,* 68 F.3d at 1507.

■ Plaintiff has the burden of proving damages through testimony or written affidavit. To prove plaintiff's damages, plaintiff submitted the declarations of Clarissa Kang, an attorney at Trucker Huss, ("Kang Decl."), Linda Johnson, the administrator and manager of the Trust Fund, ("Johnson Decl."), and Raymond A. Gezzi, a shop steward for the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers Local Union 28 of Bayonne, New Jersey ("Gezzi Decl."). Kang Decl. ¶ 1; Johnson Decl. ¶ 1; Gezzi Decl. ¶ 1. Plaintiff subsequently submitted three additional declarations from Linda Johnson in support of its supplemental to the application for default judgment. *See* Supplemental Declaration of Linda Johnson in Support of Entry of Default Judgment ("Johnson Supp. Decl."), Second Supplemental Declaration of Linda Johnson in Support Entry of Default Judgment ("Second Johnson Supp. Decl."), and Declaration of Linda Johnson Re: Supplement to Application for Default Judgment ("Third Johnson Supp. Decl."). On December 22, 2004, the Court ordered plaintiff to submit an additional declaration calculating dam-

ages based on the amount requested in the complaint. In response to the Court's order, plaintiff submitted two additional declarations from Linda Johnson Supplemental Declaration of Linda Johnson Per December 22, 2004 Order ("Fourth Johnson Supp. Decl."), Corrected Supplemental Declaration of Linda Johnson Per December 22, 2004 Order ("Corrected Johnson Supp. Decl.").

Ms. Kang's declaration establishes that, effective August 1, 1999, defendants were bound to the terms of the Collective Bargaining Agreement. *See* Kang Decl. ¶ 11, Exs. A. The Collective Bargaining Agreement incorporates and binds defendants to the terms of the Trust Agreement. Kang Decl. ¶ 12, Ex. A. As part of their obligations under the Collective Bargaining Agreement and the Trust Agreement, defendants were required to make regular, timely payments on or before the 15th day of the month to the Trust Fund. *See* Compl. ¶¶ 8–9; Kang Decl. ¶ 13, Exs. A,B. Defendants never contested being so bound, and acknowledged their contractual obligations by previously paying contributions and reporting employee hours as required by the Trust Agreement. *See e.g.,* Johnson Decl. ¶¶ 7,9; Johnson Supp. Decl. ¶ 6.

When plaintiff filed this lawsuit, defendants owed contributions to the Trust Fund for August through December 2002, October 2003, and January through June 2004.[2] Compl. ¶ 18; Johnson Decl. ¶¶ 7–8, 10, Ex. A. Defendants subsequently failed to pay contributions for July through November 27, 2004. *See* Third Johnson Supp. Decl. ¶¶ 17–19, Ex. A; Corrected Johnson Supp. Decl. ¶ 4, Ex. A. After this lawsuit was filed, defendant made late payments which plaintiffs credited toward un-

---

**2.** Plaintiff notified defendants of their delinquency prior to filing this action. *See* Kang Decl. ¶¶ 15,16, Exs. C, D.

paid contributions for August, September and December 2002, and January, May, July, and August 2004. *See* Third Johnson Supp. Decl. ¶¶ 9–12,15,17–18; Corrected Johnson Supp. Decl. Ex. A. Defendants also paid $31,397.31, which plaintiffs failed to allocate. *See* Corrected Johnson Supp. Decl., Ex. A. Plaintiff has not explained why these amounts remain unallocated. Factoring in these payments, defendants owe a total of $39,259.43 in unpaid contributions as of November 27, 2004. I recommend that plaintiffs recover this amount.

■ Plaintiff also seeks twenty percent liquidated damages on unpaid contributions. Liquidated damages are recoverable under ERISA, as provided in the plan, in an amount not to exceed twenty percent. *See* 29 U.S.C. § 1132(g)(2). Section 9.02 of the Trust Agreement provides for liquidated damages as set by the trustees in an amount not to exceed twenty percent of the unpaid contributions. Kang Decl. Ex. B. While plaintiff has demonstrated that it is entitled to liquidated damages under the Trust Agreement, on a motion for default judgment, plaintiff is limited to the amount prayed for in the complaint. *See* Fed. Rule Civ. P. 54(c), 55(d); William Schwarzer et al., *Federal Civil Procedure Before Trial*, ¶¶ 6:137, 8:390 (2004). Plaintiff sought liquidated damages of ten percent in its complaint. *See* Compl. ¶ C. I therefore recommend that plaintiff be limited to recovering ten percent liquidated damages, for a total liquidated damages award of $12,239.30.

■ Plaintiff also seeks interest on the delinquent contributions. Under ERISA, the Trust may recover interest based on the rate set by the Trust Agreement. *See* 29 U.S.C. § 1132(g)(2). Section 9.02 of the Trust Agreement provides that plaintiff may collect interest on both unpaid contributions from the first day of the month in which the contribution becomes due at the

rate provided for under section 6621 of the Internal Revenue Code of 1954. Kang Decl. Ex. B. Based on the rate provided in the Code, plaintiff claims $5,297.82 in interest on unpaid contributions through December 15, 2004. *See* Corrected Johnson Supp. Decl., Ex. A. As mentioned above, defendants made $31,397.31 in payments to plaintiff, which plaintiff did not allocate. Had plaintiff allocated these payments, defendants would not have incurred approximately $400.00 in interest. As a result, I recommend that plaintiff's request for interest be reduced by this amount, for a total award of $4,897.82 in interest on unpaid contributions.

■ Plaintiff also seeks $654.82 in interest on liquidated damages. Interest on liquidated damages is not recoverable under the Collective Bargaining Agreement, the Trust Agreement or section 1132(g). *See* Kang Decl., Exs. A, B; 28 U.S.C. § 1132(g)(authorizing an award of "interest on unpaid contributions" and "an amount equal to the greater of" either "(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan"). I therefore recommend that plaintiff not recover interest on liquidated damages.

■ Plaintiff also seeks attorneys' fees and costs pursuant to the terms of Trust Agreement. Reasonable attorneys' fees and costs of the action may be awarded to a Trust Fund that receives a judgment in its favor. *See* 29 U.S.C. § 1132(g)(2)(D). The Trust Agreement provides that plaintiff is entitled to all reasonable attorneys' fees and costs. *See* Kang Decl. Ex. B. Ms. Kang calculates that she spent approximately sixty hours prosecuting this action at a rate of $210.00 per hour. *See* Kang Decl., ¶¶ 24,26,28–30 Exs. F, G. Ms. Kang spent a considerable amount of time contacting defendants and their attorney, determining the extent and amount of de-

fendants' delinquency, and preparing documents related to this action. *See* Kang Decl., Exs. F, G. She also spent a number of hours preparing for and attending the hearing on the application for entry of default judgment. *See id.;* Declaration of Clarissa Kang in Support of Supplemental to Application for Entry of Default Judgment ("Kang Supp. Decl."), Ex. A. Mr. Trucker and Mr. Huss, both of whom charge a rate of $345.00 per hour, also spent a small number of hours on this matter. Kang Decl. ¶¶ 21–22,24; Exs. F, G. This time was reasonable and necessary to obtain a default judgment in her client's favor, and is therefore recoverable under the Trust Agreement. *See* Kang Decl., Ex. B. The rates charged also reflect a discount from the firms standard billing rates. *Id.* at ¶ 24. Ms. Kang calculates plaintiff's costs for prosecuting this action to be $225.00, consisting primarily of filing fees and costs for service of documents. *Id.* at ¶ 32. Based on the declarations submitted in support of plaintiff's application, I find that these amounts are reasonable and recommend that plaintiff recover $15,467.00 in attorneys' fees and costs.

Plaintiff also seeks approximately $7,804.50 in attorneys' fees for time expended finalizing the application for default judgment, preparing for and attending the hearing, and submitting additional filings to the Court. *See* Kang Supp. Decl. ¶ 4. The time expended by Ms. Kang, Mr. Trucker, and Mr. Huss finalizing the application for default judgment and preparing for and attending the hearing was reasonable. I therefore recommend that plaintiff recover $3,772.50 in attorneys' fees for this time.

Ms. Kang expended an additional 19.2 hours after the hearing drafting and submitting additional documentation to the Court. The Court requested additional documentation due to errors in Ms. Kang's papers. Had Ms. Kang not erred in her submissions, the time expended in correcting her errors and submitting additional declarations to the Court would have been avoided. The time expended by Ms. Kang following the hearing was unreasonable and is therefore not recoverable under the Trust Agreement. I therefore recommend that the additional $4,032.00 in attorneys' fees for time expended after the hearing be denied.

■■ Plaintiff also requests that defendants submit to an audit by the Trust, at defendants' expense, to determine the extent of defendants' delinquency. Where a collective bargaining agreement grants the right to audit the employer's books, that right shall be enforced. *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559, 581, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985). Section 6.03 of the Trust Agreement provides that the Board of Trustees, or a person designated by the Board, may conduct an employer audit. Kang Decl., Ex. B. Therefore, plaintiff's request for an employer audit is reasonable and I recommend that defendants be required to submit to an audit.

■■ Plaintiff also seeks an order compelling defendants to continue performing its obligations under the Trust Agreement and the Collective Bargaining Agreement and an order requiring defendants to submit reports of the hours worked by their employees to the Trust. "[T]he bases of injunctive relief are irreparable injury and inadequacy of legal remedies." *Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1986); *see also Midgett v. Tri–County Metropolitan Transp. Dist. of Oregon,* 254 F.3d 846, 850 (9th Cir.2001) ("In order to be entitled to injunctive relief plaintiff must make a showing that he faces a real or immediate threat of substantial or ir-

reparable injury."). Plaintiff has not demonstrated that it faces a threat of substantial or irreparable injury nor has it established that its legal remedies are inadequate. In light of the judgment for unpaid contributions and attorneys' fees and costs, I see no need for an affirmative injunction to guarantee further compliance with the Trust Agreement. I therefore recommend that the additional injunctive relief requested by plaintiff be denied.

For the foregoing reasons, I recommend that Judgment be entered in plaintiff's favor for $75,636.05, which includes $39,259.43 in unpaid contributions, $12,239.30 in liquidated damages, $4,897.82 in interest on unpaid contributions through November 27, 2004, and $19,239.50 in attorneys' fees and costs. I further recommend that defendants submit to an audit by plaintiffs under the conditions expressed in the Trust Agreement. I also recommend that plaintiff's requests for interest on liquidated damages, post-hearing attorneys' fees, and additional injunctive relief be denied.

Dated: Feb. 3, 2005.