Reginald L. JENSEN, Plaintiff—Appellant,

v.

PRUDENTIAL FINANCIAL, a New Jersey Corporation; Prudential Securities, Inc., a New Jersey Corporation; Pruco Securities Corp., a New Jersey Corporation; the Prudential Ins, a New Jersey Corporation, Defendants—Appellees.

No. 04–16608.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Reginald L. Jensen, San Jose, CA, pro se.

Robert Spagat, Esq., Thelen Reid & Priest, LLP, San Francisco, CA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

**MEMORANDUM** **\*\***

Reginald L. Jensen appeals pro se the district court's dismissal of his diversity action alleging defamation, "oppression," and invasion of privacy under California law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *see Brunette v. Humane Soc'y of Ventura County,* 294 F.3d 1205, 1209 (9th Cir.2002), and we affirm.

▮ The district court properly held that Prudential Insurance Company of America, Prudential Securities, Inc., Prudential Financial, Inc., and Pruco Securities Company ("Prudential") did not commit an unauthorized intrusion into Jensen's privacy by completing a background check prior to hiring him as a life insurance salesman, because Jensen authorized the background check and released Prudential from any and all liabilities, claims, or lawsuits with regard to the information obtained. *See Cramer v. Consol. Freightways, Inc.,* 209 F.3d 1122, 1130 (9th Cir.2000) (citing *Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal.4th 1, 26 Cal.Rptr.2d 834, 865 P.2d 633 (1994)).

▮ The district court also properly dismissed Jensen's libel claim because the e-mail communication between two Prudential employees who were responsible for processing Jensen's application was privileged. *See* Cal. Civil Code § 47(c). In any case, the e-mail did not convey a false factual implication that Jensen was guilty of a Dyer Act violation, only that he had an arrest on his record requiring further inquiry. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,* 173 F.3d 725, 732 (9th Cir.1999) (citing *Kahn v. Bower,* 232 Cal.App.3d 1599, 284 Cal.Rptr. 244, 248 (1991)).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**916**

The district court did not abuse its discretion by denying Jensen's motion for default judgment as the record reflects that Prudential Securities, Inc., Prudential Financial, Inc., and Pruco Securities Company were not properly served with the summons and complaint. *See* Fed. R.Civ.P. 4; *see Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir.1986).

Jensen's remaining contentions lack merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.