Leonardo C. MARIANO, Plaintiff—
Appellant,

v.

EVERETT HOUSING AUTHORITY,*
Defendants—Appellees.

No. 04–36124.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.**

Filed Jan. 17, 2006.

---

* The Clerk is directed to amend the docket to reflect that Bud Alkire is not a party to this appeal.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Leonardo C. Mariano appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he was wrongfully terminated from his participation in a work program sponsored by the Everett Housing Authority ("EHA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo. *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1062 n. 14 (9th Cir.2002). We review for abuse of discretion the district court's denial of a motion for leave to amend, for leave to supplement a pleading, and for a default judgment. *See Kyle Railways, Inc. v. Pacific Admin. Servs., Inc.,* 990 F.2d 513, 518 (9th Cir.1993) (leave to amend); *Planned Parenthood v. Neely,* 130 F.3d 400, 402 (9th Cir.1997) (supplemental pleading); *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir.1986) (default judgment). We affirm.

*** This disposition is not appropriate for publication and may not be cited to or by the

The district court properly granted summary judgment in favor of EHA because Mariano's section 1983 claim was barred by the three-year statute of limitations. *See* Wash. Rev.Code § 4.16.080(2); *RK Ventures, Inc.,* 307 F.3d at 1058 (applying state statute of limitations to claims brought under section 1983). Mariano's contention that the statute of limitations should be tolled due to intervening events is unpersuasive because the arguments asserted do not fall under any of the established grounds for tolling.

■ We reject Mariano's contention that the district court erred by granting summary judgment when additional discovery was necessary, because he did not file a motion showing how additional discovery would have precluded application of the statute of limitations. *See* Fed. R.Civ.P. 56(f); *Qualls ex rel. Qualls v. Blue Cross of Calif., Inc.,* 22 F.3d 839, 844 (9th Cir.1994).

■ The district court did not abuse its discretion by denying Mariano's motion to amend the title of his action to include an employment discrimination claim pursuant to 42 U.S.C. § 2000e, because he did not exhaust his administrative remedies with respect to this claim. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Delaware State College v. Ricks,* 449 U.S. 250, 256-57, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

■ The district court also did not abuse its discretion by denying Mariano's motion to file a supplemental pleading to add claims of retaliation, reprisal, and harassment for EHA's alleged termination of Mariano's Section 8 housing benefits in response to his filing the instant action. EHA provided uncontroverted evidence that the Section 8 housing department of

courts of this circuit except as provided by 9th Cir. R. 36-3.

EHA did not know of Mariano's pending complaint until after Mariano's benefits were denied and, in any event, after speaking with Mariano, the executive director of EHA rescinded the termination of Mariano's benefits. *See Planned Parenthood,* 130 F.3d at 402.

█ The district court did not abuse its discretion by denying Mariano's motion for a default judgment where it was not clear whether service was properly effected. *See Eitel,* 782 F.2d at 1471–72.

Mariano's remaining contentions are unpersuasive.

All pending motions are denied.

**AFFIRMED.**