**Gerald Oscar PERSON, Plaintiff–Appellant,**

v.

**Kathy KEENE, President, State Accident Insurance Fund Corp. by and through their agents acting in their behalf, the "Risk Management Division"; et al., Defendants–Appellees.**

No. 06–35477.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 28, 2009.

Gerald Oscar Person, Ontario, OR, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Erin C. Lagesen, Esq., Office of the Oregon Attorney General, Salem, OR, for Plaintiff–Appellant and Defendants–Appellees.

Carl Burnham, Jr., Esq., Shawna D. Peterson, Esq., Yturri Rose, LLP, Ontario, OR, Douglas E. Hojem, Esq., Corey, Byler, Rew, Lorenzen and Hojem, Pendleton, OR, for Defendants–Appellees.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Oregon state prisoner Gerald Oscar Person appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action, with prejudice, for failure to state a claim and for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a determination regarding exhaustion of administrative remedies. *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003). We affirm in part, vacate in part, and remand.

Person has forfeited any challenge to the district court's ruling that Person failed to state a claim against the private defendants, defendant Keene, and the State Accident Insurance Fund Corporation by failing to raise those issues in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

The district court properly dismissed the remaining federal claims because Person did not properly exhaust administrative remedies. *See Woodford v. Ngo,* 548 U.S. 81, 90–91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that "proper exhaustion" requires adherence to administrative procedural rules). Further, Person failed to show he was prevented from exhausting. However, the action should have been dismissed without prejudice. *See Wyatt,* 315 F.3d at 1120 ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.").

The district court did not abuse its discretion in denying Person's motion for appointment of counsel because his case did not present exceptional circumstances. *See Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir.2004) (a decision to appoint counsel for a pro se litigant is within the trial court's sound discretion and is granted only in exceptional circumstances). The district court also did not abuse its discretion in denying Person's motion for a default judgment. *See Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986) (reviewing for abuse of discretion and noting that default judgments are ordinarily disfavored).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state law claims after dismissing the federal claims. *See Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1187 (9th Cir.2001) (reviewing for abuse of discretion a district court's decision whether to retain jurisdiction over state claims when original federal claims are dismissed).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

We do not consider arguments raised for the first time in the reply brief. *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

The remainder of Person's arguments on appeal are unpersuasive.

Accordingly, the judgment is affirmed in part and vacated in part, and remanded for the sole purpose of dismissing the unexhausted federal claims and the state law claims without prejudice.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**