**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT JAMES CRAFT, | No. 10-56933 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01179-VBF-JEM |
| v. | |
| ANITA AHUJA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

California state prisoner Scott James Craft appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with restitution payments.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam), and we affirm.

The district court properly construed Craft's habeas petition as a 42 U.S.C. § 1983 civil rights complaint.  *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action [is] proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

The district court properly dismissed Craft's substantive due process claim based on restitution deductions from his inmate trust account because California Penal Code § 2085.5, requiring the California Director of Corrections to make deductions from the wages and trust account deposits of prisoners for payment of restitution obligations, is rationally related to legitimate state interests in compensating crime victims.  *See Turner v. Safley*, 482 U.S. 78, 89 (1987).  The district court also properly dismissed Craft's procedural due process claim because the deductions were effected by a valid act of the California legislature and the legislative process satisfies the requirements of procedural due process.  *See Halverson v. Skagit County.*, 42 F.2d 1257, 1260-61 (9th Cir. 1994) ("[G]eneral notice as provided by law is sufficient.").

The district court properly dismissed Craft's claims arising from defendants' processing of and response to his grievances because prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez*, 334 F.3d at 860.

The district court properly dismissed Craft's claim against defendant Ahuja because Craft's contention that Ahuja deprived him of due process by denying his claim does not state a colorable due process claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (contention that decision-maker misapplied law to facts of case did not state a colorable due process claim).

The district court did not abuse its discretion by granting Corbin's and Davis's motion to set aside the entry of default and denying Craft's motion for a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (reviewing for an abuse of discretion and noting that default judgments are ordinarily disfavored).

Craft's remaining contentions are unpersuasive.

**AFFIRMED.**

10-56933