Gary R. EITEL, Plaintiff-Appellant,

v.

William D. McCOOL,
Defendant-Appellee.

No. 84–4230.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 1986.*

Decided Jan. 14, 1986.

Gary R. Eitel, Lindale, Tex., pro se.

Tom Scribner, Minnick, Hayner & Zagelow, P.S., Walla Walla, Wash., for defendant-appellee.

Before WRIGHT, CANBY and WIGGINS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

## FACTS

This action arose out of the breakdown in an attorney-client relationship between Eitel and McCool late in 1983. Eitel filed a complaint against McCool with the Washington State Bar Association in 1984. Eitel rejected an initial offer to settle for $10,000 and threatened civil action. In April 1984, attorney Scribner, acting on behalf of McCool, offered Eitel $40,000 if he would execute a release of "*any* and *all* complaints, whether presently known or anticipated against Bill McCool for any and all legal activities he performed, was to perform or failed to perform" for Eitel. Eitel rejected this offer.

Scribner later renewed this offer. Eitel responded by filing a malpractice suit against McCool in federal district court seeking $2.9 million in damages. On June 18, 1984, attorney Boundy, acting on behalf of McCool's insurer, called Eitel by telephone to offer $40,000 for a settlement of all claims against McCool. According to his affidavit, Boundy told Eitel that all settlement details, including a general release, would have to be arranged with Scribner. Eitel contends that he agreed to accept $40,000 for a stipulated dismissal

---

* Oral argument waived by the court.

with prejudice of the district court action. He claims he did not agree to execute a general release.

On June 20, a draft for $40,000 from McCool's insurer was received by attorney White, Eitel's "advisor." [1] White endorsed the draft and sent it and accompanying stipulation and release forms to Eitel. On June 22, Eitel acknowledged receipt of the $40,000 and returned to Scribner *his* proposed "mutual" stipulation of dismissal form to be cosigned by Scribner and sent to the district court. Eitel did not execute the "Release of all Claims" form.

On July 5, Scribner notified Eitel that he would not execute the stipulation of dismissal until Eitel signed the general release. On July 11, Eitel filed a motion for default judgment. On July 18, McCool filed an answer to the complaint and a counterclaim for unpaid legal services in the amount of $22,500. On July 19, McCool moved to strike Eitel's motion for default, to compel Eitel to execute a general release, to dismiss Eitel's complaint, and to obtain attorney's fees.

On July 20, the district court denied Eitel's motion for a default judgment. In August, the district court held a telephone conference with McCool, Scribner and Eitel.

In September, the district court, 602 F.Supp. 126, dismissed with prejudice Eitel's malpractice action and McCool's counterclaim "pursuant to the parties' agreement."

Eitel timely appealed.

## ISSUES PRESENTED

(1) Did the district court properly deny the motion for default judgment?

(2) Did the district court properly dismiss the action based on the parties' agreement?

## STANDARD OF REVIEW

We review the denial of a default judgment under Rule 55(b), Fed.R.Civ.P., for abuse of discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir.1980). A volun-

tary dismissal under Rule 41(a)(2), Fed.R. Civ.P., is not subject to reversal unless the district court abused its discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980).

## DEFAULT

Eitel contends that because McCool failed to answer within 20 days of service of the complaint, the court was required under Rule 55, Fed.R.Civ.P., to enter a default judgment. Eitel apparently fails to understand the two-step process required by Rule 55. *See* 6 *Moore's Federal Practice* ¶ 55.02[3], at 55–8. Here, the *entry of default* pursuant to Rule 55(a) was proper. However, because McCool had filed a notice of appearance, *entry of judgment* by the clerk under Rule 55(b)(1) as requested by Eitel would have been improper. Because of McCool's appearance, the district court, not the clerk, was required to enter the default judgment.

McCool argues that the district court's refusal to enter the default judgment was proper because Eitel failed to note the motion for a hearing, failed to provide McCool with proper notice of the application for judgment, and failed to move the court to enter the judgment. We need not decide whether these technical requirements were satisfied here. The denial of a default judgment here was within the court's discretion.

The district court's rationale for denying the default judgment was that McCool had filed an answer and a counterclaim, but we need not agree with the district court's reasoning to affirm. We may affirm on any ground finding support in the record. *Islamic Republic of Iran v. Boeing Co.*, 771 F.2d 1279, 1288 (9th Cir.1985).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning ma-

---

**1.** The draft was payable to White and Eitel. White was not Eitel's attorney of record, but Scribner apparently thought White's signing of

the stipulation and dismissal would make less likely a future attack on the settlement by Eitel.

terial facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 6 *Moore's Federal Practice* ¶ 55–05[2], at 55–24 to 55–26. We find that several of these factors support the district court's denial of the default judgment.

Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985). Second, the district court could have had serious reservations about the merits of Eitel's substantive claim, based upon the pleadings. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir.1980). Third, because Eitel was seeking almost $3 million in damages from McCool and because the parties disputed material facts in the pleadings, we cannot say that the district court abused its discretion in denying the default judgment.

Finally, McCool's failure to answer appears to have been excusable neglect. The record shows that the parties engaged in earnest settlement negotiations after the complaint was served and in fact reached what appeared to be a final settlement agreement prior to the deadline for McCool's answer. McCool reasonably believed that the litigation was at an end based on the June 18 agreement. The district court apparently recognized this background of negotiation. It concluded that McCool's answer and counterclaim, filed soon after the settlement agreement dissolved, justified denying the default judgment. Even though beyond the 20 day period for answering a complaint, McCool's prompt response after negotiations failed supports the conclusion that McCool was reasonably relying on the apparent settlement of the litigation.

We find that the district court did not abuse its discretion in denying the default judgment.

## DISMISSAL

 Eitel contends that the district court's dismissal of his malpractice action against McCool was improper as a dismissal by stipulation under Rule 41(a)(1)(ii). He argues that there was no mutual agreement or "meeting of the minds" as to the terms and conditions of the proposed settlement between Eitel and Boundy on June 18, 1984. He argues that (1) because he "fully rescinded and revoked" his June 22 stipulation on July 9, and (2) because McCool, through counsel, by letter dated July 5, disagreed with Eitel's understanding of the June 18 agreement, the district court had no basis for finding a mutual stipulation to dismiss the action. We disagree.

The court reasonably concluded that the parties had the requisite mutual intent to dismiss the action with prejudice.[2] The respective stipulations were "substantially identical." Both parties agreed to settle, agreed as to the dollar amount, and agreed that the dismissal would be with prejudice. The court properly concluded that their representations to the court[3] warranted a dismissal and that the dismissal "will serve both parties as the functional equivalent of a mutual general release."

Rule 41(a)(1)(ii), Fed.R.Civ.P., provides for notice dismissal by the plaintiff without order of the court "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Because the representations made to the court here were not in writing, there is a question whether

---

**2.** Eitel contends that his proposal was a "mutual" dismissal whereas McCool's proposed stipulation required only a dismissal of Eitel's claim (not McCool's counterclaim). He argues that this difference precludes a finding of mutual intent to stipulate a dismissal. This argument is without merit. In his motion to dismiss, McCool offered to abide by either party's stipulation of dismissal. Moreover, McCool told the district court he had no other counterclaims against Eitel.

**3.** On August 31, 1984, the district court heard oral argument by telephone. During this proceeding, Eitel told the court that he did not intend to bring further damage actions against McCool. McCool, through counsel, told the court he "considered the instant action dispositive as to any and all counterclaims he may have against Eitel."

the requirements of Rule 41(a)(1)(ii) have been satisfied.

At least two other circuits have held that an unqualified oral stipulation of dismissal made in open court satisfies Rule 41(a)(1)(ii), even where no formal stipulation was signed by the parties. *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 (5th Cir. 1980); *Pipeliners Local Union No. 798, Tulsa, Oklahoma v. Ellerd*, 503 F.2d 1193, 1199 (10th Cir.1974). We agree with this approach and find that the parties' oral representations to the court agreeing to a dismissal with prejudice constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii). The district court did not err in ordering the dismissal.[4]

CONCLUSION

There was no abuse of discretion in dismissing the action and denying a default judgment.[5]

AFFIRMED.

---

4. In fact, the parties' actions constituted a "notice dismissal" for which no order of the court was necessary. In addition, even if the dismissal failed to satisfy the requirements of Rule 41, we could find that the district court properly exercised its " 'inherent power summarily to enforce a settlement agreement with respect to an action pending before it.' " *Matter of Springpark Associates*, 623 F.2d 1377, 1380 (9th Cir. 1980) (quoting *Decanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir.1978)), *cert. denied sub nom., Springpark Associates v. Crown Life Insurance Co.*, 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980).

5. Eitel seeks an award of attorney's fees for this appeal. This claim need not be considered because he has not prevailed.