MEMORANDUM**
Thomas Reggiardo appeals a bankruptcy decision avoiding certain hens, in whole and in part, secured by debtor Lenore Prischmann’s home. Prischmann *140 was granted a homestead exemption of $125,000 on the value of her home and subsequently moved to avoid various judicial liens to preserve this exemption. See 11 U.S.C. §§ 522(b)(1) and (f); Cal. Civ. P. § 704.730 (2002). Reggiardo challenges the bankruptcy court’s valuation of the home as well as its decision to sua sponte reverse its grant of the motion with respect to defaulting parties. The U.S. Bankruptcy Appellate Panel of the Ninth Circuit (BAP) affirmed the decision of the bankruptcy court. We affirm the decision of the BAP.
We are bound by the factual determinations of the bankruptcy court, including its valuation of assets, unless we are left with the “definite and firm conviction that a mistake has been committed.” In re Jan Weilert, RV, Inc., 315 F.2d 1192, 1196 (9th Cir.2003); In re Arnold and Baker Farms, 85 F.3d 1415, 1422 (9th Cir.1996). There is sufficient support for the court’s valuation in the record. The appraisals before the court valued the property at $400,000, $425,000, $530,000, and $570,000. In addition, cross examination of the appraiser who valued the property at $570,000 established that he had not considered the fact that there was an order of abatement on the house. Further, he was unable to articulate how he had taken the need for repairs into account in reaching his valuation. Thus, there was substantial evidence in the record for the court to discount his valuation and to conclude that $465,000 was the proper value of the property.
It is well within a trial court’s power to amend an order, particularly one issued from the bench. To the extent that an oral decision is inconsistent with a formal written order, the formal order controls. White v. Washington Pub. Power Supply Sys., 692 F.2d 1286, 1289 n. 1 (9th Cir.1982). Thus, in evaluating the bankruptcy court’s application of § 522(f), we will look only at its written order which denied the motion to avoid the liens even as to the defaulted parties.
Default orders in an adversarial proceeding are governed by Fed.R.Civ.P. 55. See Fed. R. Bank. P. 7055. Rule 55 gives the trial court discretion to grant or deny a default judgment, which we review for abuse of discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). Under § 522(f), the debtor has the burden of showing that she is entitled to avoiding a judicial hen. In re Catli, 999 F.2d 1405, 1406 (9th Cir.1993). Here, the debtor made no prima facie showing that she was entitled to have the senior liens avoided. After the homestead exemption was deducted from the value of the home and the deed of trust and tax lien satisfied, there was still sufficient equity in the home to satisfy the liens senior to Reggiardo’s. Since application of section 522(f) is simply a straightforward mathematical exercise, the court did not abuse its discretion in denying the motion with respect to the defaulting parties.
Given that the court did not err in valuing the property at $465,000 and that it properly denied the motion to avoid the liens of the defaulting parties, it properly applied the formula given in § 522(f).
The decision of the BAP is AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.