Paula GIBSON, Plaintiff—Appellant,

v.

HOUSEHOLD INTERNATIONAL, INC., an Illinois corporation; Household Finance Corporation of California, a Delaware corporation; Housekey Financial Corporation, an Illinois corporation; Buckley & Associates, Inc., a California corporation, Defendants—Appellees.

No. 04–55144.

D.C. No. CV–02–03290–ER.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2005.*

Decided Oct. 12, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

FED. R.APP. P. 34(a)(2).

Paula L. Gibson, Los Angeles, CA, pro se.

Stuart M. Richter, Esq., Katten Muchin Zavis Rosenman, Los Angeles, CA, John W. Klein, Esq., Buckley Firm, Mission Viejo, CA, for Defendants–Appellees.

Before: WALLACE, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Plaintiff Paula Gibson[1] challenges the district court's grant of Household's motion to dismiss and summary judgment motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

Plaintiff argues that the answer must be stricken simply because it was a few days late, even though plaintiff had not sought or obtained entry of default. We disagree that Rule 12(f) mandates such a result. *See* FED. R. CIV. P. 12(f). The general rule in the Ninth Circuit is that default judgments are ordinarily disfavored. Cases should be decided on their merits whenever possible. *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. By separate order, we denied without prejudice the plaintiff's motion to substitute decedent Thelma Gibson's personal representative as a party.

1986). The strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits. *Id.* The cases relied upon by the appellants are inapposite. In those cases, defendants sought relief from defaults that had already been entered. *See, e.g., TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691 (9th Cir. 2001). There was no abuse of discretion in denying the motion to strike the answer.

■ Plaintiff next argues that the contract should be rescinded based on Thelma Gibson's incapacity at the time the contract was executed in 1988. The statute of limitations applicable to rescission based on incapacity is four years. CAL.CIV.PROC. CODE § 343. Plaintiff has failed to establish that any of the tolling provisions apply.

■ Plaintiff next argues that Household violated Section 3604 and 3605 of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604–3605. Section 3604 makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap" or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap...." 42 U.S.C. § 3604(f)(1), (2). The district court ruled that § 3605 is the more appropriate vehicle for the plaintiff's claims. Plaintiff points to no authority that a § 3604 claim may proceed in the case of a non-purchase money loan. Neither the plain language of the statute nor the case law supports the plaintiff's argument. The district court therefore did not err in granting Household's motion to dismiss the FHA claim under § 3604.

■ Plaintiff also fails to establish a claim under § 3605. She presents no ad-missible evidence to establish a prima facie case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff offers no evidence that Household provided financial accommodations as a service to similarly situated non-disabled borrowers. She also fails to rebut the declaration of Household's foreclosure specialist, who stated that similarly situated non-disabled parties are not granted financial accommodations that were denied to the plaintiff. In light of plaintiff's failure to present evidence to rebut the admissible evidence submitted by Household, she has failed to state a prima facie case of discrimination.

Plaintiff also argues that the district judge abused his discretion by failing to recuse himself. Plaintiff, however, points to no facts or evidence to substantiate her conclusory allegations of bias.

■ Finally, citing California Civil Code § 1799.91, plaintiff claims that the foreclosure proceedings cannot proceed against her because she was not informed of her duties as a cosigner at the time the loan agreement was signed. The district court granted summary judgment in favor of the defendants because it found that plaintiff lacked standing to proceed on this claim. We disagree.

The Supreme Court has explained how the plaintiff can establish standing. "First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally-protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 102, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)).

■ In response to Household's motion for summary judgment, plaintiff submitted

a letter addressed to her. In that letter, Household stated that she must make certain payments in order to "bring [her] account current." Another letter informed her that as a co-borrower, she has "an *equal* obligation for the repayment of the loan." Additionally, plaintiff came forth with a letter from USAA Federal Savings Bank, indicating that she was denied a car loan based on "foreclosure repossession collection action or judgment" against her. This is some evidence that due to the foreclosure proceedings, her credit was adversely affected and that she suffered a particularized injury. Accordingly, plaintiff has demonstrated a sufficiently particularized injury to allow her to proceed with her claim.[2] While we reverse the district court's ruling that plaintiff lacked standing, we express no opinion on the validity of plaintiff's claim.[3]

AFFIRMED IN PART; REVERSED IN PART.

---

**2.** Household also argues that the 3–year statute of limitations for failure to provide notice of cosigner obligations has run out. *See* CAL. CIV.PROC.CODE § 338(a). However, in California, this cause of action does not accrue until the defendant acts to foreclose on the security interest. *Engstrom v. Kallins,* 49 Cal.App.4th 773, 781, 56 Cal.Rptr.2d 842 (Cal.Ct.App. 1996).

**3.** On remand, the district court may decide against exercising its supplemental jurisdic-

tion over the remaining state-law rescission claim.

