**Harold Brian KRIEG, Plaintiff–Appellant,**

v.

**U.M.C. HOSPITAL, Defendant–Appellee.**

**No. 04–16825.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 27, 2006 *.

Filed Jan. 9, 2007.

As Amended on Denial of Rehearing Feb. 7, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Harold Brian Krieg, Las Vegas, NV, pro se.

Clark County District Attorney's Office, Civil Division, Annette L. Bradley, Esq., University Medical Center Legal Department, Las Vegas, NV, for Defendant–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Harold Brian Krieg appeals pro se from the district court's grant of summary judgment in favor of University Medical Center ("UMC") and the denial of all Krieg's motions, in Krieg's district court action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681(u) ("FCRA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Krieg claims that the district court should have granted his motion to enter default because UMC did not respond to his complaint within twenty days of service, as required by Fed. R.Civ.P. 12(a)(1)(A). We review the denial of the motion for an abuse of discretion. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986). "[D]efault judgments are ordinarily disfavored," and the court was entitled to consider the merits of Krieg's substantive claim, the sufficiency of his complaint, and the possibility of dispute over material facts. *Id.* at 1471–72. The district court did not abuse its discretion in denying the motion for default judgment.

We review the grant of summary judgment de novo, and we may affirm based on any ground supported by the record. *See Enlow v. Salem–Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir.2004). FCRA was enacted "to protect consumers against inaccurate and incomplete credit reporting," and gives the consumer a private right of action against a furnisher of credit

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**606**

information. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir.2002); 15 U.S.C. § 1681s–2(b). A furnisher of credit information such as UMC has the duty to conduct an investigation if a consumer disputes the provided information; to review the relevant information provided by the credit reporting agency; and to report the result of its investigation to the credit reporting agency and to any others to whom it furnished inaccurate information. *See Nelson*, 282 F.3d at 1059.

UMC submitted evidence, including an affidavit, that when it learned that Krieg's accounts were payable by state and federal government agencies, it recalled the unpaid accounts it had forwarded to a collection agency and properly billed them, resulting in a correction to Krieg's credit report. Krieg did not submit any contrary evidence to create a genuine issue of material fact as to whether UMC violated any duty imposed by FCRA. Because the undisputed evidence showed that UMC complied with FCRA's requirements, we affirm the district court's grant of summary judgment.

Krieg's Motion to File Additional Evidence and his Motion to Show How Pro Se Party's Case Is Often Dismissed in U.S. District Court are denied.

AFFIRMED.