MEMORANDUM **
Eddie Young, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging that a prison official retaliated against him for filing a prison grievance. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an order granting a motion to dismiss. Sacks v. Office of Foreign Assets Control, 466 F.3d 764, 770 (9th Cir.2006). We affirm.
The district court properly dismissed Young’s Second Amended Complaint because it failed to allege facts to suggest a causal nexus between Young’s protected conduct and the adverse action that the defendant allegedly took against him. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir.1995); see also Sanders v. Brown, 504 F.3d 903, 910 (9th Cir.2007) (“Conclusory allegations and unreasonable inferences ... are insufficient to defeat a motion to dismiss.”). Moreover, the district court correctly determined that further amendment would be futile. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir.1998) (stating that the general rule that parties are allowed to amend their pleadings does not extend to cases where amendment would be futile).
The district court did not abuse its discretion by denying Young’s motion for a default judgment because Young failed to demonstrate any prejudice resulting from the delay in answering his first amended complaint. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986) (describing factors that courts may consider in deciding whether to enter default judgment); see also 42 U.S.C. § 1997e(g)(l) (stating that no relief shall be granted to a prisoner who filed a section 1983 case until a reply has been filed). Young’s contention that the district court erred by allowing the magistrate judge to rule on his motion for a default judgment is not supported by the record.
Young’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.