FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TAIWAN CIVIL RIGHTS LITIGATION ORGANIZATION, (TCRLO), <br><br> Plaintiff, <br><br> and <br><br> FORT NIGHT HOLDINGS LLC and PACIFIC SENTRY ASSOCIATES, LLC, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> KUOMINTANG BUSINESS MANAGEMENT COMMITTEE, (KBMC), AKA The Kuomintang of China, (KMT), <br><br> Defendant - Appellee. | No. 11-17717 <br><br> D.C. No. 3:10-cv-00362-JW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 9, 2012[]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Plaintiffs Fort Night Holdings LLC and Pacific Sentry Associates, LLC appeal from the district court's judgment dismissing their action alleging quasi-contract and other claims as barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006). We affirm.

The district court properly concluded that plaintiffs' quasi-contract claim began to accrue in 1950 and, thus, was barred by the statute of limitations. *See Platt Elec. Supply, Inc. v. Eoff Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (under California law "[a] cause of action accrues when the claim is complete with all of its elements").

The district court did not abuse its discretion by dismissing plaintiffs' first amended complaint without leave to amend after concluding that the quasi-contract claim was barred by the statute of limitations and that the related claims similarly failed. *See id.* at 1060 (where plaintiff's claims are barred by the statute of limitations, amendment would be futile).

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

11-17717

Contrary to plaintiffs' contention, the district court did not err by addressing the statute of limitations issue sua sponte in ruling on plaintiffs' motion for default judgment. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993) (permitting district courts to sua sponte consider the issue of statute of limitations where defendant has not waived the defense and plaintiff has been given a chance to address the issue); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (requiring district courts in addressing a motion for default judgment to evaluate the "sufficiency of the complaint").

Plaintiffs' contentions regarding the statute of repose are unavailing because their claims would still be untimely.

**AFFIRMED.**