**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEITH A. BROWN,

Plaintiff - Appellant,

v.

TONY INGRAHM; KEVIN DUNTON,

Defendants - Appellees.

No. 11-35862

D.C. No. 2:08-cv-00382-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Idaho state prisoner Keith A. Brown appeals pro se from the district court's

summary judgment dismissing his action brought under 42 U.S.C. § 1983 and

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

388 (1971) alleging false arrest and false imprisonment. We have jurisdiction under 28 U.S.C. §1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Brown failed to raise a genuine dispute of material fact as to whether defendants, in applying for Brown's state and federal arrest warrants, "made deliberately false statements or recklessly disregarded the truth . . . and that the falsifications were material to the finding of probable cause." *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002) (citation and internal quotation marks omitted). Brown's contention that defendant Ingrahm had a duty to return to the issuing judge and request that the arrest warrant be vacated following subsequent investigation is unpersuasive.

The district court did not abuse its discretion in denying Brown's motion to strike pleadings, *see Hambleton Bros. Lumber Co. v. Balkin Enters. Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (setting forth standard of review), or his request for entry of default judgment against defendant Ingrahm, *see Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (setting forth standard of review).

**AFFIRMED.**