**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA T. WILLIAMS, | No. 12-55015 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00897-SJO-PJW |
| v. | |
| LOS ANGELES JOB CORPS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Laura T. Williams appeals pro se from the district court's judgment

dismissing her employment action alleging violations of federal and state law. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Pareto v. FDIC*,

139 F.3d 696, 699 (9th Cir. 1998). We affirm.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Williams's action alleging breach of contract, harassment, discrimination, defamation, and wrongful termination because Williams alleged so few facts that the court could infer only the possibility of misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Pareto*, 139 F.3d at 699 ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

The district court did not abuse its discretion in denying Williams's motion for default judgment because defendants promptly re-filed their motion to dismiss without the original clerical error and the delay did not prejudice Williams. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors the court may consider in deciding whether to enter default judgment under Fed. R. Civ. P. 55).

Williams's contention that the district court treated her unfairly is unsupported by the record.

**AFFIRMED.**