**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BILLY DRIVER, | No. 12-16747 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02226-SI |
| v. | |
| B. HEDRICK, Chief Deputy; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted June 10, 2013[**]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

California state prisoner Billy Driver appeals pro se from the district court's

judgment dismissing for failure to exhaust his 42 U.S.C. § 1983 action alleging

excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument, *see* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Driver's action because Driver failed to exhaust his administrative grievances concerning the incident underlying his claim through the required levels. *See id.* at 818, 821 (discussing levels of review required for proper exhaustion under California state regulations).

The district court did not abuse its discretion in denying Driver's motion for default judgment because defendants waived their right to reply to Driver's action under the Prison Litigation Reform Act, and the district court did not order them to file a reply. *See* 42 U.S.C. § 1997e(g) (defendant may waive the right to reply to any action brought by a prisoner, after which the court may order defendant to respond); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for entry of default judgment).

Driver's contentions regarding the allegedly erroneous denial of his motions for disqualification, for appointment of counsel, and for early medical release, and regarding miscellaneous alleged misconduct by defendants, are unpersuasive.

Driver's motion for a "criminal obstruction investigation against the state attorney general," filed on May 16, 2013 is denied.

Driver's motion for an order to show cause for a preliminary injunction and temporary restraining order, filed on May 22, 2013, is denied.

Driver's motion for an order compelling oral argument, filed on May 23,

2013, is denied.

Driver's requests for appointment of counsel on appeal and on "reversal/remand/modification," set forth in his briefs, are denied.

**AFFIRMED.**