**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM PAIGE HUNT, | No. 11-15947 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-04438-PJH |
| v. | |
| WELLS FARGO BANK, NA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

William Paige Hunt appeals pro se from the district court's judgment

dismissing his action arising from foreclosure proceedings.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo. *Knievel v. ESPN*, 393 F.3d 1068,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Hunt's request
for oral argument is denied.

1072 (9th Cir. 2005). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Hunt's quiet title claim was proper because Wells Fargo Bank, NA had statutory authority to initiate nonjudicial foreclosure proceedings. *See* Cal. Civ. Code § 2924(a)(1); *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 823-24 (Ct. App. 2011) (Cal. Civ. Code § 2924(a)(1) does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized"). Moreover, Hunt's contentions that the nonjudicial foreclosure proceedings violated his due process and jury trial rights are unpersuasive. *See Apao v. Bank of N.Y.*, 324 F.3d 1091, 1094-95 (9th Cir. 2003) (nonjudicial foreclosure was not state action and therefore did not implicate due process); *Garfinkle v. Superior Court*, 578 P.2d 925, 933 (Cal. 1978) ("California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution.").

Dismissal of Hunt's slander of title claim was proper because the foreclosure notices were privileged. *See Kachlon v. Markowitz*, 85 Cal. Rptr. 3d 532, 545 (Ct. App. 2008) (explaining that under Cal. Civ. Code § 2924(d), "the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure,

and the performance of statutory nonjudicial foreclosure procedures, [are] privileged communications under the qualified common-interest privilege of section 47, subdivision (c)(1)").

Dismissal of Hunt's fraudulent concealment and negligent misrepresentation claims was proper because Wells Fargo did not owe Hunt a duty of care. *See OCM Principal Opportunities Fund v. CIBC World Mkts. Corp.*, 68 Cal. Rptr. 3d 828, 840 (Ct. App. 2007) (for fraudulent concealment, the plaintiff must show that the defendant had a legal duty to disclose facts); *Eddy v. Sharp*, 245 Cal. Rptr. 211, 213 (Ct. App. 1988) ("As is true of negligence, responsibility for negligent misrepresentation rests upon the existence of a legal duty . . . owed by a defendant to an injured person."); *see also Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Ct. App. 1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.").

Hunt's contention that Wells Fargo violated the Fair Debt Collection Practices Act ("FDCPA") is unpersuasive because Hunt failed sufficiently to allege that Wells Fargo was a "debt collector" within the meaning of the Act. *See* 15 U.S.C. § 1692a(6) (defining "debt collector"); *Schlegel v. Wells Fargo Bank, NA*,

720 F.3d 1204, 1208-10 (9th Cir. 2013) (holding that plaintiffs did not plausibly allege that Wells Fargo is a "debt collector" under the FDCPA).

The district court did not abuse its discretion by denying Hunt's motion for default and default judgment. *See* Fed. R. Civ. P. 55(a)-(b); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment).

**AFFIRMED.**