**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| STEVEN DEAN PARKS,<br><br>                 Plaintiff - Appellant,<br><br>v.<br><br>O. ONYEJE, M.D.,<br><br>                 Defendant - Appellee. | No. 13-17027<br><br>D.C. No. 1:11-cv-00999-BAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted August 25, 2015[***]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Steven Dean Parks appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly concluded that Parks failed to exhaust his administrative remedies regarding his claim that Dr. Onyeje was deliberately indifferent to Parks's valley fever. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) (explaining that "unexhausted claims cannot be brought in court"); *Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules). Parks does not challenge the dismissal of his other medical claims on appeal.

The district court did not abuse its discretion in denying Parks's motions for default judgment because Onyeje timely filed a responsive pleading by the deadline set by the district court. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth the standard of review and factors for determining whether to enter default judgment under Fed. R. Civ. P. 55).

The district court did not abuse its discretion in denying Parks's motions for sanctions because Parks failed to satisfy the requirements of Fed. R. Civ. P. 11. *See Holgate v. Baldwin*, 425 F.3d 671, 675, 677-78 (9th Cir. 2005) (setting forth

13-17027

the standard of review and requirements for sanctions under Fed. R. Civ. P. 11).

**AFFIRMED.**