**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO ALERS, Sr., | No. 14-55774 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00611-GW-JCG |
| v. | |
| BANK OF AMERICA, N.A., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted November 16, 2016**

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

Alejandro Alers, Sr. appeals pro se from the district court's judgment

dismissing his action alleging violations of the Racketeering Influenced and

Corrupt Organizations Act ("RICO") arising from a withdrawal from Alers' bank

account with Bank of America, N.A. We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Alers' RICO claims against Bank of America, N.A. as precluded by California's doctrine of res judicata because the parties previously litigated the claims to final judgment in California state court. *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (describing California's res judicata requirements).

The district court properly determined that defendant's attorneys are immune from liability under the *Noerr-Pennington* doctrine because Alers' factual allegations in his complaint failed to establish that the sham exception is applicable. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929-30, 938 (9th Cir. 2006) (explaining the *Noerr-Pennington* doctrine and the circumstances where the sham exception is applicable).

The district court did not abuse its discretion by denying Alers' motions for entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth the standard of review and factors for determining whether to enter default judgment).

14-55774

We do not consider arguments that were not presented to the district court.

*See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Alers' request for judicial notice, filed on October 20, 2014, is granted.

**AFFIRMED.**