NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS JOHNSON, | No. 15-35988 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01217-MJP |
| v. | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY; MATRIX ABSENCE MANAGEMENT ADMINISTRATOR, agent of Reliance Standard Life Insurance Company, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Douglas Johnson appeals pro se from the district court's judgment

dismissing his action alleging breach of fiduciary duty under the Employee

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Retirement Income Security Act ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Johnson's action because Johnson failed to allege facts sufficient to show a plausible claim for relief under ERISA. *See* 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3); *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 954 (9th Cir. 2014) (requirements for a claim under § 1132(a)(3)); *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996) (requirements for equitable estoppel in an ERISA action).

The district court did not abuse its discretion by denying Johnson's motion for default judgment because the clerk never entered a default. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (standard of review and factors for entry of default judgment).

We reject as unsupported by the record Johnson's contention that the district court was biased against him, and deny Johnson's request, set forth in his opening brief, for appointment of counsel on remand.

**AFFIRMED.**

15-35988