**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 21 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID B. TURNER, Jr., | No. 16-55444 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-02090-BEN-JLB |
| v. | |
| MADSON, Captain at GBDF; FARRIS, Sergeant at GBDF, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

David B. Turner, Jr. appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging claims regarding his conditions

of confinement and medical treatment while he was housed in a detention facility.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment because Turner failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Turner's health. *See Farmer v. Brennan*, 511 U.S. 825, 833, 837 (1994) (while prison officials must ensure that inmates receive clothing and medical care, prison officials must know of and disregard an excessive risk to inmate health to violate the Eighth Amendment).

To the extent that Turner contends the district court erred in denying Turner's motions for default judgment, the district court did not abuse its discretion because the clerk never entered a default, and defendants were never in default. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (standard of review).

We reject as without merit Turner's contention that defendants' answer contradicted statements in their declarations, that the district court had a conflict of interest, and that Turner was harmed as a result of the district court changing the dates of the settlement conference.

**AFFIRMED.**

16-55444