**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY ANN DUREAU, | No.    16-55715 |
| Plaintiff-Appellant, | D.C. No. 15-cv-01494-BRO-SP |
| v. | MEMORANDUM* |
| MARK HOWARD ALLENBAUGH, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted December 8, 2017
Pasadena, California

Before: KELLY,** CALLAHAN, and BEA, Circuit Judges

Mary Dureau appeals the district court's denial of her motion for a default

judgment on a professional negligence claim against her former attorney Mark

Howard Allenbaugh. We review the denial of a motion for a default judgment for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

abuse of discretion and may affirm on any ground finding support in the record. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

To state a claim for attorney negligence in California, a plaintiff must plead the existence of proximate causation: *i.e.*, that but-for the attorney's negligence, the plaintiff would have prevailed in a given action. *Viner v. Sweet*, 30 Cal. 4th 1232, 1241 (2003). In her complaint, Dureau's allegations of proximate causation were wholly conclusory. Dureau therefore failed to state a claim on which relief could be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), necessitating the denial of her motion for a default judgment. *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). The district court also did not abuse its discretion when it determined that Dureau's substantive claims lack merit. *Eitel v. McCool*, 782 F.2d at 1471–72.

Dureau failed on appeal to develop her argument seeking a jury trial and has therefore waived it. *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

**AFFIRMED.**