NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRY KERR; DENNIS KERR, | No. 17-16304 |
| Plaintiffs-Appellants, | D.C. No. 3:17-cv-00012-RCJ-VPC |
| v. | |
| U.S. BANK TRUST, N.A., Individually and as Trustee of SW Reo Trust 2014-1; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 16, 2018**

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Terry and Dennis Kerr appeal pro se from the district court's judgment

dismissing their action alleging federal and state law claims arising from

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a district court's dismissal under Federal Rule of Civil Procedure

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

12(b)(6) for failure to state a claim. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed the Kerrs' action because the Kerrs failed to allege facts sufficient to state any plausible claim. *See id.* at 341-42 (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action" will not satisfy Fed. R. Civ. P. 8(a)(2), "[n]or does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" (citations omitted)).

The district court did not abuse its discretion by denying the Kerrs' motions for entry of default judgment because the record does not show that defendants were in default. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (setting forth the standard of review).

The motion for leave to file an amicus brief (Docket Entry No. 18), filed by U.S. Bank, N.A., and U.S. Bank, N.A., as Trustee of SW REO Trust 2014-1, is granted. The Clerk shall file the amicus brief at Docket Entry No. 18.

**AFFIRMED.**

17-16304