NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APEX ABRASIVES, INC., | No. 17-35057 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00037-SEH-JTJ |
| v. | |
| WGI HEAVY MINERALS, INC.; WGI HEAVY MINERALS, LLC; DOE BUSINESS ENTITIES 1-3, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted May 16, 2018
Seattle, Washington

Before: BERZON, THACKER,** and HURWITZ, Circuit Judges.

This case concerns a marketing and sales agreement ("Agreement") between

Apex Abrasives, Inc. ("Apex") and WGI Heavy Minerals, Inc. ("WGI"). Apex

appeals a judgment as a matter of law in favor of WGI entered in the midst of a jury

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the Fourth Circuit, sitting by designation.

trial. We vacate in part and affirm in part.

1. "We review de novo the district court's decision to grant judgment as a matter of law, drawing all reasonable inferences in favor of [the nonmoving party]." *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014). In doing so, we hold that the district court erred by interpreting the Agreement as unambiguously lacking a minimum purchase term. To be sure, the Agreement is unambiguous -- but in the other direction. The Agreement plainly mandates that Apex must "sell" and WGI must "purchase" "a minimum of 5000 short Tons of Garnet in Year 1, and 10,000 short Tons per calendar year thereafter during the Term." (§ 3.1). *See Corp. Air v. Edwards Jet Ctr.*, 190 P.3d 1111, 1120–21 (Mont. 2008) (explaining that in Montana, "[t]he construction and interpretation of a contract is a question of law" and "[w]here the language of a contract is unambiguous . . . the duty of the court is to apply the language as written"). Sections 4.3 and 4.4 of the Agreement, on which the district court relied, cannot and do not override the earlier provision. Rather, they provide the procedures for implementing it.

2. The district court also erred by deciding as a matter of law that the Agreement was modified by performance. Drawing all reasonable inferences in favor of Apex, a reasonable jury could conclude that the Agreement was not modified. Although WGI ordered less than the minimum purchase requirement, Apex repeatedly voiced its dissatisfaction and specifically invoked the minimum

2

purchase term in writing soon after the first possible alleged breach, which was at the end of the first year of the Agreement.

3.  Accordingly, the district court erred in granting judgment as a matter of law to WGI on Apex's breach of contract claim. We vacate the judgment and remand for further proceedings on that claim. And, because the district court's ruling on the remainder of Apex's breach of implied covenant of good faith and fair dealing, constructive fraud, and negligent misrepresentation claims was enmeshed with its ruling on the breach of contract claim, we also vacate the judgment as a matter of law on those claims, and remand to the district court for further proceedings.

4.  The parties voluntarily stipulated to dismissal with prejudice of Apex's tortious interference claim. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); *see also Eitel v. McCool*, 782 F.2d 1470, 1473 (9th Cir. 1986) (holding that "an unqualified oral stipulation of dismissal made in open court satisfies Rule 41(a)(1)(ii), even where no formal stipulation was signed by the parties"). The district court's March 25, 2016 order vacating its own "rulings" from the February 2016 pretrial conference did not revive the claim.

5.  In light of our ruling on the contract claims and remand for trial, we need not address Apex's evidentiary arguments on appeal. The challenged evidentiary

3

rulings were premised at least in part on the district court's erroneous interpretation of the Agreement and may be reconsidered by the district court on remand.

6. The district court did not err in denying Apex's motion for sanctions; the court reasonably concluded that that litigation was not reasonably foreseeable at the time WGI's records were destroyed. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957–58 (9th Cir. 2006) (indicating that we review a district court's spoliation sanctions order for abuse of discretion but that we review its factual findings for clear error).

7. We also conclude that the district court did not abuse its discretion over discovery matters by conditioning Apex's second deposition of a witness on the payment of WGI's reasonable attorneys' fees. A district court's "broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16," *Avila v. Willits Envtl. Remed. Tr.*, 633 F.3d 828, 833 (9th Cir. 2011), includes the power to condition a second deposition on the imposition of fees.

8. Finally, because we adduce no evidence of personal bias in the record on the part of the district judge, we decline to order this case reassigned. But given the history of this matter, the district court might well conclude that recusal and reassignment on remand would serve the cause of justice. Each party shall bear their own costs.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**

4