NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WANDA E. SMITH-JETER, | No. 18-35987 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01857-JPD |
| v. | |
| ARTSPACE EVERETT LOFTS CONDOMINIUM ASSOCIATION; QUANTUM MANAGEMENT SERVICES, INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding[**]

Submitted July 15, 2019[***]

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Wanda E. Smith-Jeter appeals pro se from the district court's summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in her action alleging a retaliation claim under the Fair Housing Act ("FHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Walker v. City of Lakewood*, 272 F.3d 1114, 1122 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment because Smith-Jeter failed to raise a genuine dispute of material fact as to whether defendants subjected her to an adverse action. *See id.* at 1128 (elements of a prima facie retaliation claim under the FHA).

The district court did not abuse its discretion by denying Smith-Jeter's request for default because defendants had appeared and indicated an intent to defend themselves in the action. *See* Fed. R. Civ. P. 55(a) (permitting the entry of default only when a defendant "has failed to plead or otherwise defend"); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (standard of review and factors for determining whether to enter default judgment; default judgments are generally disfavored and cases should be decided on the merits whenever reasonably possible).

**AFFIRMED.**