NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE JONES, | No. 23-55096 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:21-cv-10012-SSS-RAO |
| WAEL DIAB, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sunshine Sykes, District Judge, Presiding

Submitted February 7, 2024[**]
Pasadena, California

Before: BUMATAY and MENDOZA, Circuit Judges, and MOSKOWITZ, District
Judge.[***]

George Jones appeals the district court's denial of his application for default

judgment and dismissal of his Americans with Disabilities Act ("ADA") claim for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

lack of Article III standing. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a motion for default judgment for abuse of discretion, *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), but we review a district court's determination on standing de novo. *See La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1087 (9th Cir. 2010). We reverse and remand to the district court for further proceedings.

To establish Article III standing, a plaintiff must have suffered an injury-in-fact, that injury must be traceable to the defendant's challenged conduct, and that injury can be redressed by a favorable decision. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). For injunctive relief under the ADA, "a plaintiff must establish a sufficient future injury by alleging that they are either currently deterred from visiting the place of public accommodation because of a barrier, or that they were previously deterred and that they intend to return to the place of public accommodation, where they are likely to reencounter the barrier." *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023) (citing *Chapman*, 631 F.3d at 944).

In *Langer*, a disabled plaintiff brought an ADA claim against a local seafood shop. *Id*. at 1098. At the time of filing the complaint, the plaintiff had visited the shop and observed the alleged ADA violations, which deterred him from returning as a customer. *Id*. He provided evidence of a definite intention to return once the

store cured its ADA violations: "he loves lobster and 'purchase[s] lobster all the time.'" *Id.* at 1098–99. He also testified that he returned to the shop four or five times over the course of a several-year period to assess the ongoing ADA compliance. *Id.* at 1098. We held that the fact that the plaintiff "returned four or five times in a three year period is convincing evidence that his professed intent to return is sincere and plausible." *Id.* The plaintiff established standing because "he is currently deterred from patronizing the [seafood shop]" due to the ADA violations and "he intends to return as a customer once the store provides accessible parking." *Id.* at 1099.

In this case Jones alleges that he has visited Diab's store on at least four occasions in the past to patronize his business and observed alleged ADA violations. During one of those instances, in June of 2022, he alleges that an able-bodied person parked in one of the designated disabled parking spots, deterring him from returning to the business. And he provided evidence of a definite intention to return to the store: he wanted to purchase snacks and beverages there in October or November of 2022 to consume during football and basketball season. He also alleges that he travels to the area three or four times per month to visit a close friend of his who lives nearby.

Given the similarities between this case and *Langer*, we are compelled to find standing here.

23-55096

And it is not dispositive that Jones pleaded no facts about the proximity of his residence to Diab's store. While we have considered proximity to the plaintiff's residence as a factor in ADA standing analyses in prior cases, *see Chapman*, 631 F.3d at 943 (resting its finding of standing in part on the fact that the business is located near plaintiff's home); *see also Pickern*, 293 F.3d at 1135, 1138 (finding standing in part because the business was close to plaintiff's residence), we have also found standing when the business in question was over 500 miles from the plaintiff's residence, provided that the plaintiff patronized the business previously and intended to do so again. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008). Given Jones's friend's close proximity to Diab's store, this is enough to establish intent to return.

**REVERSED AND REMANDED.**