**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 14-56582 |
| Plaintiff - Appellee, | D.C. No. 8:13-cv-00919-DOC-RNB |
| v. | |
| BUSINESS TEAM, LLC, a Nevada limited liability company; AMIR MONTAZERAN, | MEMORANDUM* |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 6, 2016**
Pasadena, California

Before: GOULD, MELLOY***, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Business Team, LLC and Amir Montazeran ("Amir") appeal the district court's denial of their motions to set aside default judgments entered against them in an action by the Federal Trade Commission (FTC) seeking to enforce Section 5(a) of the FTC Act, which prohibits unfair or deceptive commercial practices. We affirm.

1.      The district court did not err in denying Amir's motion to set aside entry of default on the ground that he was never properly served with the FTC's summons. Under Fed. R. Civ. P. 4(e), an individual may be served following the law of the state where the district court is located or where service is made. Under California law, a person can be served by leaving the summons and a copy of the complaint at the person's usual mailing address in the presence of someone apparently in charge of the mailing address, and thereafter mailing a copy of the summons and complaint to that address. Cal Civ. Proc. Code § 415.20(b). The FTC employed this method at Amir's mailing address in Irvine, after numerous unsuccessful attempts at personal service that showed reasonable diligence on the part of the FTC. The FTC thus complied with section 415.20(b) and, therefore, with Fed. R. Civ. P. 4(e). Amir challenged service on the ground that he had subleased his Irvine apartment one month before the FTC's first attempt to deliver the summons

and complaint. But this allegation does not invalidate service because the Irvine apartment was still Amir's usual mailing address.

2.     The district court did not err in denying Business Team's motion to set aside entry of default. Business team contends that its owner Mohammad Montazeran ("Mohammad"), Amir's father, suffered a heart attack in February 2014 that left him unable to hire counsel until late April 2014. But this allegation is inconsistent with the district court's finding that Mohammad was likely not central to Business Team's operation, given his status as a dependent on Amir's tax returns, as well as Business Team's eventual defense of the lawsuit, even while Mohammad was hospitalized in Iran following the heart attack. Also, the FTC served Business Team on January 15, 2014, several weeks before Mohammad claimed to have been hospitalized. There was no abuse of discretion in the district court's decision not to set aside entry of default against Business Team.

3.     The district court also did not err in declining to set aside the default judgments against Amir and Business Team. It correctly weighed the factors from *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), including the likely prejudice to the FTC, the merits of the FTC's claims, the material facts at issue, whether the default was excusable, and the general policy favoring decisions on the merits.

**AFFIRMED**.