**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD DALEY, | No. 17-17409 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02693-JCM-CWH |
| v. | |
| CVS PHARMACY, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Richard Daley appeals pro se from the district court's judgment dismissing

his action arising from the termination of his employment.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo the district court's decision to compel

arbitration, *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2000), and we affirm.

The district court properly compelled arbitration on the question of the arbitrability of Daley's claims because the parties entered a valid arbitration agreement encompassing the issue of arbitrability. *See id.* (federal court's role under the Federal Arbitration Act is limited to determining whether a valid agreement to arbitrate exists and whether it encompasses the dispute at issue); *see also AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 647 (1986) (the issue of arbitrability is for judicial determination unless the parties clearly and unmistakably provide otherwise); *U.S. Home Corp. v. Michael Ballesteros Tr.*, 415 P.3d 32, 40-41 (Nev. 2018) (en banc) (discussing unconscionability under Nevada law).

The district court did not abuse its discretion by denying Daley's motion to enter default judgment because defendant timely filed a motion to dismiss and compel arbitration under Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 55 (entry of default); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (standard of review).

We reject as without merit Daley's contention that the motion to dismiss and motion to compel arbitration were unlawfully filed.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**