**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL CAVIC, an individual, DBA D.C. Precision Company, <br><br>        Plaintiff-Appellant, <br><br>   v. <br><br> REPUBLIC OF SERBIA, a Sovereign State; JUGOBANK AD BEOGRAD, a New York Agency, <br><br>        Defendants-Appellees. | No. 18-56068 <br><br> D.C. No. 8:16-cv-01910-JLS-KES <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Daniel Cavic appeals pro se from the district court's judgment dismissing his diversity action alleging state law claims related to a bank account. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Park v. Shin*, 313 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1138, 1141 (9th Cir. 2002). We affirm.

The district court properly dismissed Cavic's action against the Republic of Serbia for lack of subject matter jurisdiction because Cavic failed to establish an exception to the Serbian government's immunity under the Foreign Sovereign Immunities Act ("FSIA"). *See Sec. Pac. Nat'l Bank v. Derderian*, 872 F.2d 281, 285 (9th Cir. 1989) ("If the claim does not fall within one of the [FSIA] exceptions, the court cannot entertain the action" and it must dismiss the action against the foreign state).

The district court did not abuse its discretion by denying Cavic's motion for default judgment against defendant Jugobanka A.D. Beograd. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors to consider in determining whether to grant the entry of default judgment).

Cavic has waived any alleged removal defect by failing to file a motion to remand within 30 days of defendant's filing their notice of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Cavic's request to strike the filings of the Republic of Serbia and to confirm

Jugobanka A.D. Beograd as a defaulted party (Docket Entry No. 10) is denied.

**AFFIRMED.**