**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORD PUNCHARD, AKA Billy Punchard, | No. 19-16385 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-00159-JGZ |
| v. | |
| LUNA COUNTY NEW MEXICO BOARD OF COMMISSIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted March 3, 2020[**]

Before: MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Lord Punchard AKA Billy Punchard appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims related to alleged mining leases. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2011) (dismissal under Federal Rule of Civil Procedure 12(b)(2)); *Libas Ltd. v. Carrillo*, 329 F.3d 1128, 1130 (9th Cir. 2003) (dismissal under Federal Rule of Civil Procedure 12(b)(6)). We affirm.

The district court properly dismissed Punchard's claims against defendants State of New Mexico, Grisham, Martinez, Luna County Board of Commissions, and Deming City Council because Punchard failed to allege facts sufficient to make a prima facie showing that the district court had personal jurisdiction over these defendants. *See CollegeSource, Inc.*, 653 F.3d at 1074-80 (discussing requirements for general and specific personal jurisdiction). As to the State of New Mexico, dismissal of Punchard's claims was also proper because the claims are barred by Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985) ("§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity").

The district court properly dismissed Punchard's claim against the Bureau of Land Management because Punchard failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the

19-16385

misconduct alleged").

The district court did not abuse its discretion in denying Punchard's motion for recusal because Punchard failed to demonstrate extrajudicial bias or prejudice. *See* 28 U.S.C. § 144 (requirements for recusal), § 455 (circumstances requiring disqualification); *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (standard of review; under § 144 and § 455, the substantive standard for recusal is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Punchard's motion for preliminary injunction because Punchard failed to demonstrate that he was likely to succeed on the merits of his claims. *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014) (plaintiff must establish that he is likely to succeed on the merits, likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest).

The district court did not abuse its discretion by denying Punchard's motion for default judgment because the Clerk never entered a default. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (standard of review and factors for entry of default judgment).

Punchard's motion to expedite is denied as moot.

**AFFIRMED.**