**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 9 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CASITAS A FOOTWEAR COMPANY, INC., | No. 18-56651 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04410-FMO-SK |
| v. | |
| LBSECOND, INC., DBA O My Sole; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted February 12, 2020**
Pasadena, California

Before: BYBEE, COLLINS, and BRESS, Circuit Judges.

Plaintiff Casitas A Footwear Company, Inc. ("Casitas") appeals the district

court's denial of Casitas' motion to reconsider the default judgment entered in

Castitas' favor. We review the denial of a motion for reconsideration and a decision

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to enter a default judgment for abuse of discretion. *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013); *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1056 (9th Cir. 2001). We affirm.

Casitas provided shoes to Defendant LBSecond, Inc. to sell on consignment to LBSecond's retail stores. (LBSecond, Inc., its owners, and other related corporations are all defendants here and are collectively referred to as "LBSecond."). LBSecond encountered financial trouble and then refused to return the shoes or pay certain amounts for shoes already sold. Casitas filed suit, but LBSecond did not appear in the district court (and has not appeared in this Court). The district court awarded Casitas a default judgment of $1,095,121.98. This amount consisted of the full value of Casitas' shoes in LBSecond's possession ($1,033,628.50), along with unpaid invoices for shoes previously sold ($61,493.48). Casitas moved for reconsideration of the default judgment, arguing that the district court should have also ordered LBSecond to return the shoes.

The district court did not abuse its discretion in denying Casitas' motion for reconsideration. The district court correctly recognized that Casitas' causes of action for possession and conversion sought redress for the same tortious conduct. Casitas requested $1,033,628.50 in damages in its conversion count, and with the additional $61,493.48 for unpaid invoices, the district court awarded Casitas the full amount of its claimed loss.

In considering the entry of a default judgment in the context of a complaint pleading alternative claims and alternative remedies, the district court did not abuse its discretion in choosing to enter a judgment affording only one of the alternative forms of relief requested. Particularly on the record before it, the district court acted within its discretion in not issuing the more intrusive remedy of repossession "where money damages would adequately redress plaintiff's injury." In a footnote in its brief, Casitas suggests that LBSecond "might" be unable to satisfy the money judgment. But that speculation, without more, does not require reversal of the decision below.

For these reasons, "[t]he denial of a default judgment" as to repossession "was within the court's discretion," *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), and there was no abuse of discretion.

**AFFIRMED.**

3