**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL MUTHEE MUNYWE,

        Plaintiff-Appellant,

  v.

SCOTT R. PETERS; et al.,

        Defendants-Appellees.

No. 23-35187

D.C. No. 3:21-cv-05431-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted April 18, 2025[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Appellant Michael Munywe appeals pro se from the district court's

judgment dismissing his action alleging federal claims related to his state law

criminal proceedings. "Like Rule 12(b)(6) dismissals, dismissals of in forma

pauperis complaints for failure to state a claim under 28 U.S.C. § 1915(e) are

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reviewed de novo." *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024). We review a summary judgment de novo and may affirm on any grounds supported by the record. *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009). "Discovery rulings, including the imposition of discovery sanctions, are reviewed for abuse of discretion." *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 808 (9th Cir. 2019). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not err in sua sponte dismissing various claims after providing Munywe with multiple opportunities to amend his complaint. *See Hebrard*, 90 F.4th at 1005 (affirming sua sponte dismissal of claim under *Heck* with pending motion for summary judgment even where *Heck* argument was forfeited).

Nor did the district court err in granting summary judgment on the balance of Munywe's claims because Munywe failed to raise a genuine dispute of material facts as to whether the defendants committed any constitutional violation during his search and interrogation. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (requirements of substantive due process claim); *Ioane v. Hodges*, 939 F.3d 945, 956 (9th Cir. 2018) (requirements of due process privacy claim); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (requirements of equal protection claim). Law enforcement officers' method of searching Munywe and the exigent circumstances necessitating his search distinguish this case from the

Fourth Amendment violation found in *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1146 (9th Cir. 2011). Munywe's factual basis for his Fifth Amendment claim is belied by clear and unrefuted video evidence. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding courts should "view[] the facts in the light depicted by the videotape" and "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment").

Munywe's contention that the district court's decision not to sanction the City defendants for providing a blank disc violated his due process rights is meritless, as the district court ensured Munywe received a working disc and extended his time to oppose summary judgment. Nor did the district court abuse its discretion in declining to sanction the City defendants. *See Ingenco Holdings, LLC*, 921 F.3d at 821 (listing relevant factors).

Denial of Munywe's motion for default judgment was proper. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (providing the standard of review and setting forth factors that courts may consider in determining whether to enter default judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

3

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**