**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEYUBBA BOWMAN; RASHON BOWMAN, <br><br>         Plaintiffs - Appellants, <br><br>  v. <br><br> NOVAD MANAGEMENT CONSULTING, LLC, an Oklahoma Limited Liability Corporation; ISN CORPORATION, a Maryland Corporation; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; DOES, 1 through 50, inclusive, <br><br>         Defendants - Appellees. | No. 24-3063 <br><br> D.C. No. 2:23-cv-10363-RGK-RAO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 16, 2026[**]

Before:     SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Keyubba and Rashon Bowman appeal pro se from the district court's order dismissing their action under the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and state law alleging that defendants failed to uphold an agreement to forgive a subordinate loan secured against the Bowmans' real property. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of a default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). We affirm.

The district court did not abuse its discretion by denying the Bowmans' motion for default judgment against defendant Novad based on the *Eitel* factors. *See id.* at 1471-72 (setting forth factors that courts may consider in determining whether to enter default judgment, including the merits of plaintiff's underlying claims and the sufficiency of the complaint).

The district court did not abuse its discretion by denying the Bowmans' motion for a continuance because its determination that the Bowmans failed to demonstrate resulting prejudice was not arbitrary or unreasonable. *See Bearchild v. Cobban*, 947 F.3d 1130, 1138-39 (9th Cir. 2020) (setting forth standard of review and explaining that the movant must show prejudice resulting from the denial of a continuance).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**